[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Don Smith d/b/a Tiger Publishing d/b/a Audio Text Tour, has filed a motion (#114) to dismiss in the above CT Page 13442 action, which is denied for the reasons hereinafter stated. The plaintiff, Arcal Corporation (Arcal), filed a complaint dated May 30, 1997, against the defendant Smith. The plaintiff alleges that the defendant owed it $5,588.61 for goods sold to the defendant. The plaintiff seeks to recover what it is owed under breach of contract and unjust enrichment theories.
The plaintiff moved for a default judgment on August 13, 1997, after the defendant failed to appear. The court entered a judgment of $6,166.78 against the defendant on August 18, 1997. The plaintiff unsuccessfully attempted to levy an execution against the defendant's property to satisfy the judgment. On April 2, 1998, the plaintiff filed a petition for an examination of the defendant, which the court granted on the same day.
The defendant made his first appearance on April 30, 1998. The defendant filed a motion to reopen the judgment on May 13, 1998, which was granted on June 30, 1998. The defendant then filed a motion to dismiss on July 14, 1998.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original, internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "[T]he court, in deciding a motion to dismiss, must consider that allegations of the complaint in their most favorable light." Savage v. Aronson, 214 Conn. 256, 263,571 A.2d 696 (1990).
"The grounds which may be asserted in [a motion to dismiss] are (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985); Practice Book (1998 Rev.) § 10-31.
The defendant lists as grounds for the motion to dismiss: "1. Plaintiff's action is against the wrong party; 2. Plaintiff's complaint offers no evidence to prove the existence of the business entity against which this action is being brought; 3. Plaintiff has acknowledged, in open Court, that it now recognizes Tiger Publishing Group, Inc., as a corporation, and the Defendant, Don Smith as an officer of that corporation; and 4. CT Page 13443 Plaintiff's acknowledgments in open Court directly contradict the claims made in Plaintiff's complaint."
The defendant's motion to dismiss fails to set forth any claim for lack of subject matter or personal jurisdiction, improper venue, or insufficiency of process or service of process as required by Practice Book § 10-31. Defendant's allegations attempt to establish that he and the corporation he worked for are two separate entities. These allegations, even if true, are not proper grounds for a motion to dismiss.
In addition, the defendant did not file a memorandum of law as required by Practice Book § 10-31. See Barde v. Board ofTrustees, 207 Conn. 59, 62 n. 1, 539 A.2d 1000 (1988). Therefore, the defendant's motion to dismiss is denied.
So Ordered.
 Dated at Stamford, Connecticut, this 23rd day of November, 1998
WILLIAM BURKE LEWIS, J.